UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYED BUKHARI,

                  Plaintiff,

- against-

FRANK'S NEWSSTAND, FRANK SENIOR and WAJAHAT ALI SHAH
                  DEFENDANTS.

Case No.

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, SYED BUKHARI ("Plaintiff"), by and through his undersigned attorneys, hereby files this Complaint against DEFENDANTS FRANK'S NEWSSTAND ("FRANKS"), FRANK SENIOR ("SENIOR") and WAJAHAT ALI SHAH ("SHAH"), (collectively "DEFENDANTS") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from DEFENDANTS: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law, Article 19 §§650 et seq., he is entitled to recover from DEFENDANTS: (1) unpaid overtime, (2) unpaid spread of hours' premium, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §2l6(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, SYED BUKHARI, is a resident of Queen County, New York.

6. Defendant, FRANK'S NEWSSTAND has it principal place of business at the corner of 42nd street and 5th Avenue.

7. At all relevant times, DEFENDANT FRANK'S NEWSSTAND is and continues to be "enterprises engaged in commerce" within the meaning of the FLSA.

8. DEFENDANT SENIOR is a principal of DEFENDANTS FRANK'S NEWSSTAND.

9. Upon information and belief, DEFENDANT SENIOR exercised control over the terms and conditions of Plaintiff's employment.

10. DEFENDANT SHAH is a manager of DEFENDANTS FRANK'S NEWSSTAND.

11. Upon information and belief, DEFENDANT FRANK'S NEWSSTAND exercised control over the terms and conditions of Plaintiff's employment.

12. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by DEFENDANTS.

## STATEMENT OF FACTS

13. Plaintiff worked as a salesman from 2000 through January 16, 2016 for DEFENDANTS.

14. DEFENDANTS operate a Newsstand on the corner of 5th Avenue and 42nd street in New York County.

15. At the time, he was hired, Plaintiff was informed by DEFENDANTS that his pay would compensate him for working 40 hours per week.

16. Between May 2010 and January 16, 2016, Plaintiff's day typically began at 6:00 AM and concluded at 4:00 PM.

17. During the employment of Plaintiff by DEFENDANTS, he worked over forty (40) hours per week. Specifically, he averaged sixty hours (60) hours per week.

18. Plaintiff was paid a fixed amount of cash each week throughout his employment by DEFENDANTS. He received that same amount of money each week regardless of the number of hours he worked in excess of 40 hours per week.

19. Plaintiff received $650.00 per week from 2010 through 2016.

20. DEFENDANT SHAH was responsible for paying SYED BUKHARI.

21. After 2011, DEFENDANT SHAH frequently failed to pay SYED BUKHARI'S his full weekly wages

22. DEFENDANT SHAH promised to pay SYED BUKHARI later.

23. DEFENDANT SHAH kept track of all money owed to SYED BUKHARI.

24. DEFENDANTS maintained a piece of paper which contained the amount of wages that SYED BUKHARI was owed by not paid.

25. At all time of termination DEFENDANTS owed SYED BUKHARI $9,000.00.

26. DEFENDANT SENIOR knew that SYED BUKHARI was not paid his weekly wages.

27. DEFENDANT SENIOR failed to ensure the SYED BUKHARI was paid his full wages.

28. SYED BUKHARI asked for payment of back wages.

29. DEFENDANTS terminated SYED BUKHARI after he asked for his wages.

30. DEFENDANTS knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff.

31. Plaintiff retained The Law Office of Delmas A. Costin, Jr. to represent him and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

3

## **FAILURE TO PAY MINIMUN WAGE**

32. SYED BUKHARI realleges and incorporates by reference all allegations in all preceding paragraphs.

33. Defendants were required to pay directly to Plaintiff the applicable federal minimum wage for all hours worked.

34. Defendants willfully violated the FLSA by failing to pay overtime, a three (3) year statute of limitation applies to such willful violations pursuant to 29 USC §255.

35. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(s), 206(a) and 207(a).  Further, SYED BUKHARI is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 203(e), 206(a) and 207 (a).

36. At all relevant times, Defendants employed SYED BUKHARI within the meaning of the FLSA.

37. Upon information and belief, at all relevant times, Defendants, had gross annual revenues in excess of $500,000.

38. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to SYED BUKHARI for his hours worked in excess of forty hours per workweek in violation of 29 USC §§ 206 and 207.

39. Records, if any, concerning the number of hours worked by SYED BUKHARI and the actual compensation paid to SYED BUKHARI should be in the possession and custody of the Defendants.  SYED BUKHARI intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate SYED BUKHARI at the statutory rate of time

and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

41. Defendants failed to properly disclose or apprise SYED BUKHARI of his rights under the FLSA.

42. Due to the intentional, willful and unlawful acts of Defendants, SYED BUKHARI suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §216.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

43. SYED BUKHARI realleges and incorporates by reference all allegations in all preceding paragraphs.

44. The overtime wage provisions set forth in FLSA and the supporting federal regulations apply to Defendant and protect Plaintiff.

45. Defendants have failed to pay Plaintiff overtime wages for all of the hours worked in excess of forty (40) hours in a work week.

46. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in the Complaint are unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

47. Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to FLSA §225.

48. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to FLSA §216(b).

5

Complaint-Bukhari

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## FAILURE TO PAY MINIMUM WAGE

49. SYED BUKHARI realleges and incorporates by reference all allegations in all preceding paragraphs.

50. At all relevant times, SYED BUKHARI was employed by the Defendants within the meaning of the New York Labor Law §§2 and 651.

51. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

52. Defendants willfully violated SYED BUKHARI's rights by failing to pay SYED BUKHARI overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to 12 N.Y.C.R.R. Part 142.

53. Defendant willfully violated SYED BUKHARI's rights by failing to pay "spread of hours" premium to SYED BUKHARI for each workday exceeding ten hours.

54. Due to the Defendants' New York Labor Law violations SYED BUKHARI is entitled to recover from Defendants his unpaid overtime wages, unpaid "spread of hours" premium, damages for unreasonably delayed payments, reasonable attorneys' fees, costs and disbursements of the action, and liquidated damages, pursuant to New York Labor Law §663(1).

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW ARTICLE 19
## FAILURE TO PAY OVERTIME

55. SYED BUKHARI realleges and incorporates by reference all allegations in all preceding paragraphs.

6

56. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff.

57. Defendants have failed to pay Plaintiff overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

58. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations including but not limited to 12 NYCRR Part 142.

59. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL §§ 198 and 652.

## FIFTH CAUSE OF ACTION

### NEW YORK LABOR LAW
### RETALIATION

60. SYED BUKHARI realleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendant discharged, penalized, or in any other manner discriminated against any Plaintiff because such employee has made a complaint to his employer, that the employer has violated any provision of the NYLL, or because such employee has caused to be instituted a proceeding under or related to this chapter, or because such employee has testified or is about to testify in an investigation or proceeding under this chapter.

62. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL §§ 215.

### SIXTH CAUSE OF ACTION

### NEW YORK LABOR LAW
### NOTICE & WAGE STATEMENT VIOLATIONS

63. SYED BUKHARI realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

64. DEFENDANTS have willfully failed to supply PLAINTIFF with the notice required by NYLL § 195(1), in English or in the languages identified by PLAINTIFF in his primary language, containing his "rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

65. DEFENDANTS have willfully failed to supply Plaintiffs and the Class Members with an accurate statement of wages as required by NYLL § 195(3), containing the "dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked,

including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

66. Due to DEFENDANTS' violations of the NYLL§ 195(1), PLAINTIFF is entitled to $50 dollars for each workweek in which the violations occurred or continue to occur, or a total of $5,000.00 as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

67. Due to DEFENDANTS' violations of the NYLL§ 195(3), PLAINTIFF is entitled to recover from DEFENDANTS $250.00 for each workweek on or after April 9, 2011, on which the violations occurred or continue to occur, or a total of $5,000.00, as provided for by NYLL § 198(1)-d.

## PRAYER FOR RELIEF

**WHEREFORE**, SYED BUKHARI demand judgment against DEFENDANTS as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;
B. An injunction against DEFENDANTS and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;
C. An award of damages for unpaid wages, unpaid overtime compensation, liquidated damages pursuant to the FLSA and the NYLL;
D. An award of punitive damages, front pay in lieu of reinstatement, mental anguish and retaliation pursuant to the NYLL;
E. An award of statutory penalties as a result of DEFENDANTS' failure to comply with NYLL notice and record keeping requirements;
F. An award of prejudgment and post judgment interest pursuant to the NYLL;
G. An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to the NYLL; and

H.  Such other and further relief as this Court deems just and proper.

# JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, SYED BUKHARI demands trial by jury on all issues as triable as of right by jury.

Dated: Bronx, NY
November 30, 2016

Respectfully submitted,

/s/
DELMAS A. COSTIN, JR., ESQ. (DC2926)
*Attorneys for SYED BUKHARI*
177 E. 161 Street
Bronx, NY 10451
Tel: (718) 618-0589
Fax: (347) 510-0099