USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/23/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SYED BUKHARI,

                    Plaintiff,

        -v-

FRANK SENIOR and WAJAHAT ALI SHAH,

                  Defendants.[1]

------------------------------------------------------------X

16 Civ. 9249 (PAE) (BCM)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On January 3, 2018, the parties to this Fair Labor Standards Act ("FLSA") and New York

Labor Law ("NYLL") action applied for approval of a proposed settlement agreement under

which defendants Frank Senior and Wajahat Ali Shah would pay $6,784.73 to plaintiff Syed

Bukhari and $4,415.27 to his attorney, Delmas A. Costin, Jr., Esq., of the Law Office of Delmas

A. Costin, Jr., PC, in attorney's fees and costs. Dkt. 41, Ex. 2 (the "Agreement").

Much of the Agreement is legally satisfactory, and the Court would be prepared to

approve the overall settlement sum of $11,200 as substantively reasonable and achieved through

procedurally fair means. Two features of the Agreement, however, make it impossible for the

Court to approve it in present form.

*First*, there is a discrepancy between the division of settlement funds set forth in the

Agreement and the division of funds set forth in the January 3, 2018 letter authored by Mr.

Costin. *See* Dkt. 41 (the "Letter"). In the Letter, Mr. Costin represents that the $11,200 in

---

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above. *See* Dkt.
32.

settlement funds would be divided as follows: $6,815.15 to plaintiff; $3,733.33 to Mr. Costin in fees; and $651.52 to Mr. Costin in reimbursement of costs. *See id.* at 2. This calculation yields a total payout for Mr. Costin of $4,384.85—compensation the Court is prepared to deem reasonable as reflecting a 33.33% fee and a reasonable estimate of costs. *See Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507 (JMF), 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (collecting cases that reduce attorneys' fees greater than 33% of the settlement value). Per the Agreement, however, Mr. Costin is set to receive a total of $4,415.27 in fees and costs: $2,015.15 from defendant Senior and $2,400.12 (*i.e.*, 36 payments of $66.67) from defendant Ali Shah. *See* Agreement ¶ 2. Assuming the same $651.52 in costs as described in the Letter, the Agreement apparently contemplates $3,763.75 in fees for Mr. Costin, or 33.60% of the total settlement amount.

The Court leaves it to the parties to resolve this discrepancy, after which the Court will take up its duty to ascertain independently the reasonableness of the fee request. *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112 (PAE), 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015) (citing 29 U.S.C. § 216(b) (allowing a "*reasonable* attorney's fee") (emphasis in *Penafiel*)). For the time being, however, the Court directs Mr. Costin to inform the unrepresented defendants that absent unusual circumstances, courts in this District typically will not approve attorney's fees in an amount greater than one third of the total settlement amount.

*Second*, the Agreement contains an unacceptably overbroad general release, under which the parties agree to a mutual release of all claims they may have against each other. The relevant provisions require Bukhari to waive any claim of any kind, known or unknown, that he might ever have had against defendants "arising from or concerning in any way [his] employment by or association with Defendants." Agreement ¶ 5. In FLSA cases, courts in this District routinely

reject release provisions that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); *see also Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *3–4 (S.D.N.Y. April 27, 2015) (provision releasing defendants "from any and all charges, complaints, claims, and liabilities of any kind whatsoever" was "not 'fair and reasonable' because it encompasse[d] far too broad a range of possible claims"). Indeed, as the Second Circuit has noted, such an "overbroad release," like that in *Nights of Cabiria*, "highlights the potential for abuse in [FLSA] settlements, and underscores why judicial approval in the FLSA setting is necessary." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citing *Nights of Cabiria*, 96 F. Supp. 3d at 181).

The provision here is of such an overly broad nature. It requires Bukhari to "release and forever discharge Defendants . . . from any and all claims, known or unknown, asserted or unasserted, which [Bukhari] ha[s] or may have against [defendants] . . . arising from or concerning in any way [Bukhari's] employment by or association with Defendants." Agreement ¶ 5. The Agreement then recites, at length, a non-exclusive list of statutes and common law claims from which Bukhari purports to release defendants, including under the Employee Retirement Income Safety Act of 1974 ("ERISA"), the Civil Rights Acts of 1964 and 1991, and the Sarbanes-Oxley Act of 2002. *Id.* Also released are any claims sounding in "contract" or "tort." *Id.* This provision is "too sweeping to be 'fair and reasonable' and so must be rejected." *Lazaro-Garcia v. Sengupta Food Servs.*, 15 Civ. 4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (quotation marks omitted). Consistent with the case authority in this area, "[t]he Court will not approve a release provision that extends beyond the claims at issue in this action."

*Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15,

2016) (citing *Lazaro-Garcia*, 2015 WL 9162701, at *2).

The fact that the general release is facially mutual, although favoring the settlement, does

not salvage it, absent a sound explanation for how this broad release benefits the plaintiff

employee. In the Agreement, defendants agree to "release and forever discharge [Bukhari] . . .

from any and all claims, known and unknown, asserted or unasserted, which the Defendants have

or may have against [Bukhari] as of the date of execution of this Agreement . . . arising from or

concerning in any way [Bukhari's] employment by or association with Defendants including, but

not limited to, any claims under federal, state or local law, rule, regulation, or ordinance."

Agreement ¶ 6. Several courts in this district have permitted general releases so long as they are

mutual. *See Souza v. 65 St. Marks Bistro*, 15 Civ. 327 (JLC), 2015 WL 7271747, at *5–7

(S.D.N.Y. Nov. 6, 2015) (rejecting a general release provision unless the parties amended it to

make it mutual "in all respects," so as to enable the parties to "walk[] away from their

relationship . . . without the potential for any further disputes" and requiring an

acknowledgement from plaintiffs regarding any other claims they would be releasing in the

settlement); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 13 Civ. 5008 (RJS), 2016 WL

922223, at *2 (S.D.N.Y. Feb. 3, 2016) (permitting a mutual general release provision in a

settlement agreement, for the same reason as in *Souza*); *Cionca v. Interactive Realty, LLC*, 15

Civ. 5123 (BCM), 2016 WL 3440554, at *3–4 (S.D.N.Y. June 10, 2016) (same). But, in the

decision the Court finds most persuasive, Judge Nathan rejected an unexplained mutual general

release provision. *See Flores-Mendieta v. Bitefood Ltd.*, 15 Civ. 4997 (AJN), 2016 WL

1626630, at *2 (S.D.N.Y. Apr. 21, 2016) (rejecting mutual general release because "the Court

cannot 'countenance employers using FLSA settlements to erase all liability whatsoever in

4

exchange for . . . payment of wages allegedly required by statute'") (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 181)). This Court, too, is concerned that despite the formal reciprocity of such releases, their practical effect in some cases may be lopsided because they may stand to benefit only the employer defendant, who realistically may be less likely than the employee plaintiff to have latent claims against its adversary.

The benefit to Bukhari from the broad mutual release is, at least on the present record, elusive. The Agreement does not reveal, and the parties have not proffered, *any* claim that defendants conceivably could have had against Bukhari, or any other benefit to him from forgoing all potential claims against defendants. Defendants' release of all their claims against him appears an empty gesture—the equivalent of giving away ice in the winter—such that the release, while mutual in form, appears one-sided as a matter of economic substance. It is thus not materially different from the broad employee release provisions that courts in this District, in declining to approve FLSA settlement agreements, have consistently held impermissible. Either a narrower release consistent with the standards above or a concrete and persuasive explanation of the practical benefit Bukhari stands to realize in exchange for broadly releasing all claims against defendants will be required before the Court will approve a settlement here.

## CONCLUSION

For the foregoing reasons, the Court declines to approve the Agreement at this time. The parties may proceed in one of the following three ways.

(1)     The parties may file a revised agreement by February 2, 2018 that is consistent with the discussion here with regard to the Agreement's release provision. Upon filing of a revised agreement, the Court will then assess the fairness and reasonableness of the proposed settlement and its provision for attorney's fees and costs.

(2)    The parties may file a joint letter by February 2, 2018 that indicates their intention to abandon settlement and to continue to litigate this matter. If they do so, the Court will set a next conference in this matter, which will serve as a pre-motion conference at which the Court will discuss and set a briefing schedule for any motions for summary judgment, or, if no such motions are to be filed, set a trial date.

(3)    The parties may stipulate to a dismissal of this case *without* prejudice, as such settlements do not, based on the current case law, require court approval. *See Martinez*, 2016 WL 206474, at *3 (citing *Cheeks*, 796 F. 3d at 201 n.2).

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: January 23, 2018
        New York, New York